CRAIG G. MARGULIES, SBN 185925
NINA Z. JAVAN, SBN 271392
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777
Email: Craig@MarguliesFaithLaw.com
Email: Nina@MarguliesFaithLaw.com

Attorneys for Jeremy W. Faith,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>JOAN E. CURRAN,<br>        Debtor.<br><br>———<br><br>JEREMY W. FAITH, Chapter 7 Trustee,<br>        Plaintiff,<br>v.<br>ESTATE OF CORNELIUS P. CURRAN,<br>        Defendant. | Case No.: 9:12-bk-13434-DS<br><br>Chapter 7<br><br>Adv. No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A); Cal. Civ. Code §§ 3439.04, 3439.07, 3439.09]**<br><br>**(2) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09]**<br><br>**(3) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549];**<br><br>**(4) RECOVERY OF  AVOIDED TRANSFERS [11 U.S.C. § 550]; AND**<br><br>(5) **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d), (j)]** |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeremy W. Faith, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of Joan E. Curran ("Debtor") brings this "Complaint For: (1) Avoidance Of Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A); Cal. Civ. Code §§ 3439.04, 3439.07, 3439.09]; (2) Avoidance of Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09]; (3) Avoidance of Postpetition Transfers [11 U.S.C. § 549]; (4) Recovery Of Avoided Transfers [11 U.S.C. § 550]; And (4) Disallowance Of Claims [11 U.S.C. § 502(d), (j)" (the "Complaint") against the Estate of Cornelius P. Curran (the "Con Estate"), and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as the Chapter 7 Trustee of the Estate, has standing to bring this action under 11 U.S.C. §§ 502, 548, 549, and 550.

3. This Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) in that this proceeding arises in, and relates to, the Debtor's main bankruptcy proceeding, pending in the Central District of California, Northern Division, as *In re Joan E. Curran*, Case Number 2:12-bk-13434-DS (the "Bankruptcy Case").

4. Venue is proper in this Court under 28 U.S.C. § 1409(a).

5. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F). To the extent any related claims are determined to not be a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

## PARTIES

6. Plaintiff Jeremy W. Faith is the duly-appointed, qualified, and acting Chapter 7 Trustee in the Bankruptcy Case.

1  7. The Trustee is informed and believes that Cornelius P. Curran ("Con") was an individual residing in Santa Barbara County, California until his death on November 3, 2014, and that his estate is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

8. On September 12, 2012 (the "Petition Date"), the Bankruptcy Case was initiated by the filing a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code (commencing at 11 U.S.C. § 101, *et. seq.*, hereinafter referred to as the "Bankruptcy Code"). The voluntary petition was filed by Con, under a power of attorney for the Debtor, on behalf of the Debtor.

9. On May 9, 2014, the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.

10. The Plaintiff was appointed as the Chapter 7 Trustee for the Estate on May 13, 2014, in which capacity he continues to serve.

11. The Trustee is informed and believes the Debtor was in the zone of insolvency from at least September 28, 2011 through the date of the entry of the order for relief, and that the Debtor was unable to pay her obligations to creditors as such obligations came due.

12. Plaintiff is informed and believes, and based thereon alleges, that at all times herein, Con held power of attorney for the Debtor.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times herein, Con had access to, and exercised control over, the Debtor's Montecito Bank & Trust bank accounts ending in "7607", "2867", and "6981" (the "Accounts").

14. Plaintiff is informed and believes that, within the one (1) year prior to the Petition Date, the Debtor and/or her agents and representatives made the following payments to Con from the Accounts (collectively the "One-Year Pre-Petition Transfers", and each individually, a "One-Year Pre-Petition Transfer"):

///

| DATE | AMOUNT | ACCOUNT NO. |
|---|---|---|
| 09/28/11 | $100.00 | 2867 |
| 09/30/11 | $100.00 | 2867 |
| 10/03/11 | $80.00 | 2867 |
| 10/31/11 | $60.00 | 2867 |
| 11/17/11 | $200.00 | 2867 |
| 11/18/11 | $150.00 | 2867 |
| 11/21/11 | $60.00 | 2867 |
| 11/23/11 | $100.00 | 2867 |
| 12/02/11 | $100.00 | 2867 |
| 12/05/11 | $200.00 | 2867 |
| 12/15/11 | $80.00 | 2867 |
| 12/16/11 | $80.00 | 2867 |
| 12/20/11 | $80.00 | 2867 |
| 12/21/11 | $425.00 | 2867 |
| 12/22/11 | $800.00 | 2867 |
| **TOTAL** | **$2,615.00** | |

15. Plaintiff is informed and believes, and based thereon alleges, that additional transfers, above and beyond the One-Year Pre-Petition Transfers, were made by the Debtor and/or her agents to Con during the two (2) years prior to the Petition Date (the "Two-Year Pre-Petition Transfers") (collectively, with the One-Year Pre-Petition Transfers, the "548 Transfers", and each individually, a "548 Transfer").

16. Plaintiff is informed and believes, and based thereon alleges, that additional transfers, above and beyond the 548 Transfers, were made by the Debtor and/or her agents to Con during the seven (7) years prior to the Petition Date (the "544 Transfers", and each individually, a "544 Transfer") (collectively, with the 548 Transfers, the "Pre-Petition Transfers").

17. Plaintiff is informed and believes that, after the Petition Date, the Debtor and/or her agents and representatives made payments totaling $19.377.15 to Con from the Accounts (collectively the "Direct Post-Petition Transfers", and each individually, a "Direct Post-Petition Transfer").

18. Plaintiff is informed and believes that, after the Petition Date, the Debtor and/or her agents and representatives made the following payments for the benefit of Con (collectively the "Beneficial Post-Petition Transfers", and each individually, a "Beneficial

Post-Petition Transfer"):

| Date | Amount | Payee |
|---|---|---|
| 05/16/13 | $ 1,000.00 | Louisa Rodriguez |
| 06/20/13 | $ 1,200.00 | Louisa Rodriguez |
| 07/09/13 | $ 500.00 | Louisa Rodriguez |
| 07/18/13 | $ 1,000.00 | Louisa Rodriguez |
| 07/23/13 | $ 100.00 | Louisa Rodriguez |
| 08/01/13 | $ 300.00 | Louisa Rodriguez |
| 09/16/13 | $ 2,000.00 | Louisa Rodriguez |
| 10/16/13 | $ 1,400.00 | Louisa Rodriguez |
| 11/14/13 | $ 3,000.00 | Louisa Rodriguez |
| 12/16/13 | $ 3,000.00 | Louisa Rodriguez |
| 12/20/13 | $ 500.00 | Louisa Rodriguez |
| 01/15/14 | $ 1,400.00 | Louisa Rodriguez |
| 03/06/14 | $ 93.00 | Performance Memories |
| 03/27/14 | $ 400.00 | Laguna Blanca School |
| 04/15/14 | $ 1,300.00 | Louisa Rodriguez |
| 07/15/14 | $ 465.00 | Steve Morris Defensive Driving School |
| 09/08/14 | $ 3,000.00 | Laguna Blanca School |
| 09/22/14 | $ 100.00 | Children's Medical Clinic of SB |
| 10/22/14 | $ 850.00 | Louisa Rodriguez |
| 10/28/14 | $ 100.00 | Louisa Rodriguez |
| **Total =** | **$ 21,708.00** | |

## FIRST CLAIM FOR RELIEF

## (AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS)

## [11 U.S.C. §§ 544, 548(a)(1)(A);

## Cal. Civ. Code §§ 3439.04, 3439.07, 3439.09 ]

## (Against All Defendants)

19. Plaintiff incorporates Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Plaintiff is informed and believes, and based thereon alleges, that the 544 Transfers were made with actual intent to hinder, defraud, or delay creditors, or any creditor, of the Debtor.

21. Plaintiff is informed and believes, and based thereon alleges, that the 548 Transfers were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that the 548 Transfers were made, indebted.

///

22. Plaintiff is informed and believes, and based thereon alleges, that interest on the Pre-Petition Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Pre-Petition Transfers were made.

23. Based on the foregoing, Plaintiff may avoid the 548 Transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

24. Based on the foregoing, Plaintiff may avoid the 544 Transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.04, 3439.07, and 3439.09.

## SECOND CLAIM FOR RELIEF

### (AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS)

**[11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09 ]**

**(Against All Defendants)**

25. Plaintiff incorporates Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

26. Plaintiff is informed and believes, and based thereon alleges, that Pre-Petition Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the Pre-Petition Transfers.

27. Plaintiff is informed and believes, and on that basis thereon alleges, that the Debtor either:

   a. Was insolvent on the dates that each of the Pre-Petition Transfers was made, or became insolvent as a result of the Pre-Petition Transfers;

   b. Was engaged or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

   c. Intended to incur, or believed that she would incur, debts beyond her ability to pay as such debts matured.

28. Plaintiff is informed and believes, and based thereon alleges, that interest on the Pre-Petition Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Pre-Petition Transfers were made.

29. Based on the foregoing, Plaintiff may avoid the 548 Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

30. Based on the foregoing, Plaintiff may avoid the 544 Transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.05, 3439.07, and 3439.09.

**THIRD CLAIM FOR RELIEF**

**(AVOIDANCE OF POSTPETITION TRANSFERS)**

**[11 U.S.C. § 549]**

**(Against All Defendants)**

31. Plaintiff incorporates Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

32. Plaintiff is informed and believes, and based thereon alleges, that the Direct Post-Petition Transfers were not authorized under 11 U.S.C. § 542(c).

33. Plaintiff is informed and believes, and based thereon alleges, that the Direct Post-Petition Transfers were not authorized under the Bankruptcy Code or by the Court.

34. Plaintiff is informed and believes, and based thereon alleges, that the Beneficial Post-Petition Transfers were not authorized under 11 U.S.C. § 542(c).

35. Plaintiff is informed and believes, and based thereon alleges, that the Beneficial Post-Petition Transfers were not authorized under the Bankruptcy Code or by the Court.

36. Plaintiff is informed and believes, and based thereon alleges, that the Direct Post-Petition Transfers and the Beneificial Post-Petition Transfers (collectively, the "Post-Petition Transfers") occurred within two (2) years of the date of the filing of this Complaint.

37. Plaintiff is informed and believes, and based thereon alleges, that interest on the Post-Petition Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Post-Petition Transfers were made.

38. Based on the foregoing, Plaintiff may avoid the Post-Petition Transfers pursuant to 11 U.S.C. § 549.

## FOURTH CLAIM FOR RELIEF

## (RECOVERY OF AVOIDED TRANSFERS)

## [11 U.S.C. § 550]

## (Against All Defendants)

39. Plaintiff hereby realleges and incorporates by references the allegations set forth in paragraphs 1 through 38 as though set forth in full.

40. Plaintiff is informed and believes that Con was the initial transferee of the Direct Post-Petition Transfers and the Pre-Petition Transfers (collectively, with the Post-Petition Transfers, the "Transfers").

41. Plaintiff is informed and believes that Con was the person for whose benefit the Beneficial Post-Petition Transfers were made.

42. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the property transferred or its value, from Con and/or the Con Estate, with interest thereon at the maximum legal rate from the date each of the Transfers was made.

## FIFTH CLAIM FOR RELIEF

## (TO DISALLOW CLAIMS)

## [11 U.S.C. § 502(d) and (j)]

## (Against All Defendants)

43. Plaintiff hereby realleges and incorporates by references the allegations set forth in paragraphs 1 through 42 as though set forth in full.

44. Con was an individual from whom property is recoverable under 11 U.S.C. § 550.

45. Con was the initial transferee of the Pre-Petition Transfers, which are avoidable under 11 U.S.C. § 548.

46. Con was the initial transferee of the Direct Post-Petition Transfers, which are avoidable under 11 U.S.C. § 549.

///

47. Con was the person for whose benefit the Beneficial Post-Petition Transfers, which are avoidable under 11 U.S.C. § 549, were made.

48. Con has not paid the amount of the Transfers and has not turned over such property, for which Con, by and through his estate, is liable under 11 U.S.C. § 550.

49. Pursuant to 11 U.S.C. § 502(d), any and all claims of Con, and/or his assignee(s), the Con Estate, or the beneficiaries of the Con Estate against the Estate or the Debtor must be disallowed until such time as the Con Estate pays to Plaintiff all amounts sought in the First, Second, and Third Claims for Relief in this Complaint.

50. Pursuant to 11 U.S.C. § 502(j), any and all previously-allowed claims of Con, and/or his assignee(s), the Con Estate, or the beneficiaries of the Con Estate against the Estate or the Debtor must be reconsidered and disallowed until such time as the Con Estate pays to Plaintiff all amounts sought in the First, Second, and Third Claims for Relief in this Complaint.

**WHEREFORE,** the Plaintiff respectfully prays for a judgment against the Defendant as follows:

　　a. On the First, Second, and Third, and Fourth Claims for Relief, that the subject Transfers be avoided for the benefit of the Estate and the value of the property transferred be recovered;

　　b. On the Fifth Claim for Relief, that any claims filed by the Defendant be disallowed, and any previously-allowed claims be reconsidered and disallowed, until such time as the Con Estate pays to the Plaintiff all amounts sought in the First, Second, and Third Claims for Relief in this Complaint; and

///
///
///
///

c. For such other and further relief as this Court deems just and proper.

DATED: May 8, 2015                              **MARGULIES FAITH, LLP**

By: */s/ Nina Z. Javan*
    Nina Z. Javan
    Attorneys for Jeremy W. Faith,
    Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A); Cal. Civ. Code §§ 3439.04, 3439.07, 3439.09]; (2) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09]; (3) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549]; (4) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND (5) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d), (j)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 8, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**REPRESENTING CREDITOR REAL TIME RESOLUTIONS, INC.:** Cynthia R Allman    bkdepartment@rtresolutions.com
**COURTESY NEF**: Cara C Christensen    cchristensen@houser-law.com, swilliams@houser-law.com
**CHAPTER 7 TRUSTEE:** Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com; Helen@MarguliesFaithLaw.com; leedowding@gmail.com
**ATTORNEY FOR CHAPTER 7 TRUSTEE**: Nina Z Javan    nina@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com, Victoria@marguliesfaithlaw.com
**ATTORNEY FOR DEBTOR**: Janet A Lawson    jlawsonlawyer@gmail.com, jlawsonlawyer@ecf.inforuptcy.com
**COURTESY NEF:** Gregory R Lowe    GregoryLoweLaw@aol.com
**OUST:** United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
**ATTORNEY FOR OUST**: Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
**ATTORNEY FOR U.S. BANK NATIONAL ASSOICATION, AS TRUSTEE, ET AL**.: Gilbert R Yabes    ch11ecf@piteduncan.com, GRY@ecf.inforuptcy.com
**ATTORNEY FOR U.S. BANK NATIONAL ASSOICATION, AS TRUSTEE, ET AL**.: Casper J Rankin    ecfcacb@piteduncan.com
**REPRESENTING CREDITOR MICHAEL RING:** Iris L. M. Ring    iris@ringjimenez.com, attorneys@ringjimenez.com

**2. SERVED BY UNITED STATES MAIL**:
On May 8, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

CHAMBERS COPY: Honorable Deborah J. Saltzman, 255 E. Temple Street, Suite 1334, Los Angeles, CA 90012

[continued on following page]

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

NONE.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2015 | Victoria Castrellon | /s/ Victoria Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |